IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENA ABRAN, individually as mother and Administrator of the ESTATE OF GENE WILSON<br><br>v.<br><br>CITY OF PHILADELPHIA, CORIZON HEALTH INC., NURSE MARILOU ORGASAN, ET AL.; | No. 2018-CV-01107-MSG |

**PLAINTIFF'S MEMORANDUM OF LAW
TO DEFENDANTS MOTION
FOR SUMMARY JUDGMENT**

**I.    Matter Before The Court:**

The defendants, Corizon and Nurse Marilou Orgasan have filed a motion for summary judgment seeking to dismiss all allegations made against them in Count III of the Plaintiff's Amended Complaint. These defendants allege and assert that granting the motion is proper since, they contend, that Plaintiff was dutybound to file a Certificate of Merit under Pa.R.C.P. 1042.3 despite the fact that the instant matter is a 1983 Civil Rights Federal complaint not based on diversity and despite the fact that the parties are in the middle of discovery at the filing of the defendants' motion and despite the fact that one defendant, Nurse Orgasan, is scheduled to have her deposition taken in this above-captioned matter on April 16, 2019. (See Attached Exhibit "A").

**II.    Question:**

MUST DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DISMISSED SINCE DISCOVERY IS STILL OPEN, NURSE ORGASAN'S DEPOSITION IS STILL PENDING AND SINCE PLAINTIFF, IN HER AMENDED COMPLAINT MADE NO ALLEGATIONS OF MEDICAL MALPRACTICE WHICH WOULD DICTATE THE

ISSUANCE OF A CERTIFICATE OF MERIT WHEN THE CASE LAW CITED BY DEFENDANTS IS FACTUALLY INOPPOSITE TO THE PRESENT CASE AND WHERE THE COURT HAS ONLY HELD THAT A CERTIFICATE OF MERIT MAY BE MANDATORY IN PA FEDERAL CASES BASED ON JURISDICTION ONLY AND ARE NOT OTHERWISE MANDATORY FOR 1983 FEDERAL CASES?
ANSWERED IN THE AFFIRMATIVE

III.  **Facts:**

The Plaintiff filed a federal 1983 and deliberate indifference complaint and in a subsequent amended complaint, did add Corizon Health Services and one of its employees, nurse Orgasan. On or about March 26, 2016, nurse Orgasan received a call that a prisoner, Gene Wilson, had attempted suicide in his cell. The nurse's prison medical staff was, by the nurse's own admission, understaffed at this time. Nevertheless nurse Orgasan attended to Mr. Wilson's unconscious, but warm body, inside his cell. In Count III of the Plaintiff's complaint the Plaintiff alleged various and sundry negligent and or careless acts committed by the defendants including allegations that due to said understaffing as well as improper training defendant Orgasan acts caused both personal injury to the Plaintiff and may have, in turn, led to his untimely demise. (See Exhibit "B", Plaintiff's Amended Complaint, Count III, Paragraphs 53-65). Defendants allege that, given these allegations, Plaintiff should initially secured and filed a certificate of merit despite the fact that no case law exists which compels a Plaintiff to file a certificate of merit (hereinafter referred to as a "COM") in a 1983 action.

IV.  **General Law:**

To warrant summary judgment, the moving party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), and all facts should be viewed "in the light most favorable to the non-moving party," with "all reasonable inferences [drawn] in that party's favor," Scheidemantle v. Slippery

Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 538 (3d Cir. 2006).

A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), but "[c]onversely, where a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law." Goldenstein v. Repossessors Inc., 815 F.3d 142, 146 (3rd Cir. 2016).

The court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); see also Costlow v. United States, 552 F.2d 560, 563-64 (3d Cir.1977).

V.  **Argument**:

Summary Judgment is only properly to be considered when all discovery has ended. This is not the case presently since upon the filing of the defendants' motion for summary judgment discovery is ongoing, incomplete and the defendant, nurse Orgasan's deposition will be taken on or about the middle of April, 2019. Therefore, this court can not and must not decide on a motion for summary judgment that has been prematurely submitted at best. The court must therefore, as a matter of law, dismiss the defendants' motion forthwith on this basis alone.

Assuming arguendo that the defendant's motion has been properly, timely and appropriately filed this court must dismiss the same as the defendants have not sustained their burden of law that no legitimate factual dispute exists as it relates to Plaintiff's failure to submit a certificate of merit (hereinafter referred to as a "COM") solely as it relates to the issues of negligence and carelessness and where the Plaintiff has also alleged that deliberate indifference

has taken place against the decedent Gene Wilson in reference to his untimely demise while a prisoner at a Philadelphia prison.

No COM is necessary since no allegation of specific medical malpractice, as stated in the cases, cited by the defendants, Corizon and Orgasan, as controlling was made in the Plaintiff's amended complaint at all. More specifically, in Count III the Plaintiff alleges general acts of negligence and states that said defendants, "...improperly trained, disciplined and violated the constitutional rights of Gene Wilson, deceased, due to improper medical care." (Paragraph #54, Plaintiff's Amended Complaint). Moreover, Plaintiff that the defendants Corizon and nurse Orgasan failed to have the "proper procedures in place, in having to treat a suicidal inmate, in an emergency, in a timely manner. This allegation, also, does not require the submission of a COM as a matter of law as it is merely an allegation that Corizon had no proper procedures in place to properly care for and assist the now deceased Gene Wilson. (Paragraph #55). Additionally, the Plaintiff also alleged that since the defendant Corizon had understaffed its prison medical staff this understaffing caused a failure to properly care for Gene Wilson. (See paragraphs #56). This paragraph, as well, does not require the submission of a certificate of merit.

The defendants now wish to have the court require a certificate of merit in situations where general allegations of negligence, within a 1983 federal civil complaint where jurisdiction is founded primarily on federal constitutional grounds and not on the basis of diversity, are made and where Plaintiff, as is the present case, has alleged that the defendants' behavior was negligent, careless and tantamount to deliberate indifference. Of course, there is no case law which dictates that the Plaintiff, must, as a matter of law submit a certificate of merit under these specific type of circumstances and the case law submitted by the defendants, likewise, does not hold that, under these circumstances, Plaintiff must submit a COM. This was not the intent of the

court when they ruled that, in certain limited circumstances, a Plaintiff must submit a COM when alleging some form of medical malpractice. Such was not the case presently as the allegations contained in the Plaintiff's complaint do not warrant such a finding. Defendant would have you believe that all allegations of negligence and carelessness require the submission of a COM when the case law cited by the defendants, Corizon and Orgasan contradict this meritless assertion. This case is, essentially, a 1983 action not a medical malpractice case. Therefore no COM is necessary as a matter of law.

To be more specific, the two cases cited by the defendant as controlling are distinguishable from the instant matter. For example, the Munsif case invoked an unlicensed doctor who alleged, in a civil suit against a hospital and surgeon that medical malpractice took place when his leg was amputated without his informed consent. The other case, Schmigel, dealt with a situation where the defendant doctor negligently performed laparoscopic adjustable gastric band surgery on the Plaintiff. During surgery, however, the band fell off and was, thereupon, left free floating inside Mr. Schmigel's abdomen. Schmigel held that in a federal diversity civil action a certificate of merit, in this scenario, should have been filed.

In the instant case the facts and underlying circumstances are totally different than those found in both Munsfi and Schmigel. For one, the instant federal civil matter is a 1983 action based in large part on federal questions. Diversity is not an issue herein as all parties either reside, are employed in Philadelphia, Pennsylvania or otherwise regularly conduct business in Philadelphia (ie. Corizon). Therefore the cases sited by the defendant are irrelevant because said cases do not hold that a 1983 civil rights case must provide said certificate of merit when the filing of said suit is NOT based on diversity. (Munsif v. Hospital, 2016 WL 5192377 (E.D. Pa.), Schmigel v. Uchal, 800 F.3d 113 (3rd Cir. 2015)).

VI.   **Conclusion**:

For all of the foregoing reasons the defendants' summary judgment motion should be dismissed with prejudice.

Respectfully submitted,

Troy H. Wilson, Esquire
Attorney for Plaintiff
Troy H. Wilson, Esq., LLC
215 S. Broad Street, 2nd Flr.
Philadelphia, PA 19107
(215) 985-4566

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENA ABRAN, individually and as mother and Administrator of the ESTATE OF GENE WILSON<br><br>v.<br><br>CITY OF PHILADELPHIA, CORIZON HEALTH INC., NURSE MARILOU ORGASAN, ET AL.; | No. 2018-CV-01107-MSG |

## CERTIFICATE OF SERVICE

I, Troy H. Wilson, Esquire, hereby certify that I caused a true and correct copy of the foregoing Reply to Defendant Corizon and Nurse Marilou Orgasan's Motion for Summary Judgment to be electronically filed on this 1st Day of April, 2019, and thereby served the following counsel of record via the Court's ECF system.

Email: lcauley@okllp.com
         tgregory@okllp.com
O'Connor Kimball LLP
Two Penn Center Plaza, Suite 1100
1500 JFK Boulevard
Philadelphia, PA 19102
Attorney for Corizon/Orgasan

Email: mark.maguire@phila.com
City of Philadelphia Law Department
1515 Arch Street
14th Floor
Philadelphia, PA 19102

*/s/ Troy H. Wilson*
Troy H. Wilson, Esquire
Attorney for Plaintiff
Troy H. Wilson, Esq., LLC
215 S. Broad Street, 2nd Flr.
Philadelphia, PA 19107
(215) 985-4566
Email: troyhwilsonesq@att.net