IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RENA ABRAN, individually and as mother :
and Administrator of the ESTATE OF :
GENE WILSON :
:
v. : No. 2018-CV-01107-MSG
:
CITY OF PHILADELPHIA, BLANCHE :
CARNEY, GERALD MAY, NANCY :
GIANNETTA, WILLIAM LAWTON, :
CLYDE FEARON, JOHN/JANE :
DOES 1-13, CATHY TALMADGE, :
MARILOU ORGASAN, AISHA COOK, :
and CORIZON HEALTHCARE :

**REPLY BRIEF OF DEFENDANTS CORIZON HEALTH, INC. AND
MARILOU ORGASAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Corizon Health, Inc. (incorrectly identified as Corizon Healthcare) ("Corizon") and Marilou Orgasan (collectively "Corizon Defendants") submit this Reply Brief in further support of their Motion for Summary Judgment (Doc. No. 60) and in Reply to the Opposition filed by Plaintiff on April 1, 2019 (Doc. No. 62-1).

Plaintiff opposes the Corizon Defendants' Motion for Summary Judgment on the premise that: (1) Plaintiff has made claims of "ordinary negligence" and not professional malpractice; (2) the Motion is "premature"; and (3) a certificate of merit is not required on a claim of medical malpractice/negligence where a violation of civil rights pursuant to 42 U.S.C. §1983 is also alleged. As set forth below, none of these arguments are meritorious.

Plaintiff's Third Amended Complaint contains the following counts:

**Count I: Deprivation of Federally Protected Rights as to All Defendants**

**Count II: Deprivation of Federally Protected Rights as to City of Philadelphia and Commissioner Carney**

<strong>Count III: Negligence Against All Defendants</strong>

<strong>Count IV: Wrongful Death Against All Defendants</strong>

<strong>Count V: Survival Against All Defendants</strong>

(Doc. No. 31).

Count I of Plaintiff's Third Amended Complaint purports to set forth a federal claim under 42 U.S.C. §1983 in connection with the Defendants' failure to prevent the suicide of Plaintiff's decedent Gene Wilson.[1] Count III of Plaintiff's Third Amended Complaint purports to set forth a claim in negligence against all Defendants.[2] Defendant Marilou Orgasan is identified in Plaintiff's Third Amended Complaint as a Registered Nurse "acting under color of law" and "sued in her official capacity" as a nurse for the House of Corrections Facility for the Prison System of the City of Philadelphia "at all times relevant hereto." (Doc. No. 31 ¶16). Corizon is identified as Orgasan's employer. (Doc. No. 31 ¶18).

**A.　Plaintiff Has Made Claims in Professional Malpractice, Not "Ordinary Negligence" and the Certificate of Merit Requirements Therefore Apply.**

A Certificate of Merit is required where the defendant is a licensed professional identified by the applicable Rule, or where the defendant is a corporation engaged in providing the type of services set forth in Pa. R.C.P. 1042.3. Nurse Orgasan and Corizon fall within these categories. Where a defendant is in the business of providing the services identified in the Rule, and the plaintiff alleges it failed to meet appropriate standards, a certificate of merit is required. <u>Baumgardner v. Ebert</u>, 535 Fed. Appx. 72 (3d Cir. 2013). In <u>Baumgardner</u>, the plaintiff argued that his claims were for ordinary negligence, rather than medical malpractice, and that a Certificate

---

[1] While Count I is titled as directed to "All Defendants," only the City of Philadelphia and its correctional employees are identified as having deprived the decedent of his rights under §1983. (Doc. No. 31 ¶¶72, 76-83).
[2] Again, while Count III is titled as directed to "All Defendants" it identifies only the City of Philadelphia and its correctional officials/employees as individuals who engaged in negligent conduct. (Doc. No. 31 ¶¶72, 76-83).

of Merit was therefore not required. The Court disagreed, holding that the plaintiff's claim that the defendant medical care providers failed to order some type of physical therapy was a medical malpractice claim requiring a certificate of merit. Id. at 77. In addition, where a plaintiff bases his malpractice claim on vicarious liability, i.e., allegations other licensed professionals for whom the Defendant is responsible deviated from an acceptable professional standard, a certificate of merit "must be filed as to the other licensed professionals for whom the defendant is responsible." Pa.R.C.P. 1042.3(2), note; see also Stroud v. Abington Memorial Hospital, 546 F.Supp.2d 238, 248-49 (E.D. Pa. 2008).

The Certificate of Merit requirements apply to a "licensed professional" as well as a partnership, unincorporated association or other similar entity responsible for such licensed professional. Pa. R.C.P. 1042.1(a)(1) and (2). A nurse is specifically identified as licensed professional to whom the Rule applies. Pa. R.C.P. 1042.1(c)(vii). Plaintiff identifies Corizon as the corporation that employed Nurse Orgasan. Plaintiff alleges that Nurse Orgasan "happened upon Wilson's arm [sic] body on the date in question" and that she and Corizon were negligent in "[failing to] have the proper procedures in place, in having to treat a suicidal inmate, in an emergency, in a timely manner." (Doc. No. 31 ¶¶55).

While murkily stated, Plaintiff appears to claim that the Wilson's death was caused by the negligence of Nurse Orgasan in how she responded to a call informing her that Wilson had been found in his cell post-suicide, for which Corizon is vicariously liable, and by the direct negligence of Corizon in failing to properly train employees like Nurse Orgasan, and/or by the negligence of Corizon in providing adequate medical staffing, i.e. "corporate negligence." (Doc. No. 31 ¶¶54-57). The certificate of merit requirement directs that, where a plaintiff is proceeding on both direct and vicarious liability theories against one defendant, the plaintiff "shall file" either separate

3

COMs as to each theory or a single COM listing both theories. Stroud, 546 F. Supp.2d at 254 (citing Pa. R.C.P. 1042.3(b)(2)). While Plaintiff seems to argue that she has not actually made a claim of malpractice, and while the Third Amended Complaint is admittedly confusingly drafted, Plaintiff has not agreed to stipulate that she is making no claim of medical malpractice/negligence against Corizon or Nurse Orgasan, instead claiming, with no supporting detail, that its allegations sound in "general negligence" for which no certificate of merit is required.

It is beyond debate that Plaintiff has at least attempted to assert a claim in medical malpractice against Nurse Orgasan and her employer, for Nurse Orgasan's failure to do some action properly upon being called to Wilson's cell, and that Corizon is either responsible on the grounds of *respondeat superior* or for failure to train Orgasan or provide the appropriate medical staffing or training. In that Plaintiff's claims, however vaguely stated, arise out of Nurse Orgasan's medical encounter with Wilson and/or Corizon's alleged independent failures, Plaintiff is required to file a Certificate of Merit. That Plaintiff has not done so, and has made no effort to comply with the Rule or provide a reasonable excuse for this failure, is fatal to her claim. See Perez v. Griffin, 304 Fed. Appx. 72, 74 (3d Cir. 2008). "Parties may not avoid the filing of a certificate of merit by labeling professional liability claims as something else." Id. at *5; see also Patterson v. Potope, 2013 WL 1314050 (M.D. Pa.) (where conduct at issue constitutes an integral part of rendering medical treatment, the action is a professional negligence action requiring a Certificate of Merit).

> **B.  The Corizon Defendants' Motion for Summary Judgment as to Count III of Plaintiff's Third Amended Complaint Is Not Premature.**

In that Plaintiff's Third Amended Complaint purports to set forth a cause of action for medical negligence, a Certificate of Merit is required. That discovery is still ongoing or that Nurse Orgasan has yet to be deposed is of no consequence to the Certificate of Merit requirements set forth in Pa. R.C.P. 1042.3. The applicable Rule requires that a Certificate of Merit be filed with

4

the plaintiff's Complaint or within sixty days thereafter. Discovery is of course incomplete at the time a plaintiff's Complaint is filed, and except in the rarest of instances, would still be incomplete sixty days thereafter.  The Rule does not allow plaintiffs to "discover" their way to a Certificate of Merit, but rather contemplates that they have made the appropriate inquiry set forth in the Rule *before* commencing suit. Moreover, summary judgment, rather than the parallel state court rule allowing for entry of a judgment of *non pros*, is the appropriate mechanism to address a plaintiff's failure to comply with the Certificate of Merit requirements. See Munsif v. Hospital, 2016 WL 5192377 (E.D. Pa.) (construing doctor's motion to dismiss as a summary judgment motion and granting summary judgment where doctor complied with notice requirements of Certificate of Merit rules).

No amount of discovery can cure Plaintiff's failure to make any effort to comply with the applicable Rule addressing Certificates of Merit. Plaintiff's argument that the Corizon's Motion for Summary Judgment is premature is made without citation to a single authority and directly contradicts the letter of the applicable Rule.

    **C.    Plaintiff Must Still Comply with the Certificate of Merit Requirements Where Also Asserting a 1983 Action.**

Plaintiff's final argument is that the Certificate of Merit requirements (which are specific to claims that a licensed professional deviated from a professional standard, i.e. malpractice), are somehow obviated if the plaintiff *also* makes a claim that his civil rights were violated. This argument is simply incorrect. Malpractice claims may be dismissed for a lack of a certificate of merit while the parallel §1983 action based upon the same facts proceeds. Doyle v. Neshaminy Manor, 2018 WL 1954119 (E.D. Pa.) (citing Perez, 304 Fed. Appx. at 75).

Plaintiff's claim that the Certificate of Merit requirements do not apply where jurisdiction is based "primarily upon federal constitutional grounds" i.e. a §1983 claim, rather than diversity

5

jurisdiction is directly contrary to case law addressing this very issue. Federal courts in Pennsylvania have uniformly held that the COM requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court. Stroud v. Abington Memorial Hospital, 546 F.Supp.2d 238, 248-49 (E.D. Pa. 2008); see also Lopez v. Brady, 2008 WL 2310943 (M.D. Pa.) (noting that federal courts should apply substantive state law as to Certificates of Merit regardless of whether case is in federal court based upon federal question or diversity). In Abdulhay v. Bethlehem Medical Arts, 2005 WL 2416012 *3 (E.D. Pa.), the plaintiff made an argument identical to Plaintiff's, i.e. that Pa. R.C.P. 1042.3 does not apply in a federal question case. The Abdulhay Court held that it had pendent jurisdiction over all state law claims in the case, including the professional malpractice claims, and that it was required to enforce Pennsylvania law governing Certificates of Merit, even if it had jurisdiction over the case based upon a federal question, rather than diversity. The Court concluded, however, that the proper means for enforcing dismissal for a plaintiff's failure to comply with Pa. R.C.P. 1042.3 was to file a Motion, rather than to follow the state procedural rule requesting entry of a judgment of *non pros*.

Plaintiff has made no attempt to comply with Pa. R.C.P. 1042.3. The Corizon Defendants' Motion for Summary Judgment as to Count III of Plaintiffs' Third Amended Complaint is timely and proper. Plaintiff's arguments to the contrary are unsupported and without merit. Accordingly, summary judgment should be entered in favor of Marilou Orgasan and Corizon Healthcare/Corizon Health, Inc. as to Count III of Plaintiff's Third Amended Complaint.

Respectfully submitted,
O'CONNOR KIMBALL LLP

By: _____/s/_____
Thomas J. Gregory, Esquire
Lisa A. Cauley, Esquire
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 564-0400     Fax: (215) 564-1973
Email: tgregory@okllp.com
lcauley@okllp.com
Attorneys for Defendants Corizon Health, Inc. (incorrectly identified as Corizon Healthcare) and Marilou Orgasan

Date: April 9, 2019