IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENA ABRAN, INDIVIDUALLY, AND AS MOTHER AND AS ADMINISTRATOR OF THE ESTATE OF GENE WILSON, DECEASED, | CIVIL DIVISION |
| | No. 18-CV-1107 |
| | Code: |
| Plaintiff, | |
| vs. | Issue No: |
| CITY OF PHILADELPHIA | BRIEF IN SUPPORT OF MOTION TO DISMISS |
| | Filed on Behalf of MHM Services, Inc., a/d/a Centurion and Dr. Olumide Oluwabusi, M.D., Defendants |
| | Counsel of Record for this Party: |
| | Cassidy L. Neal, Esquire<br>PA I.D. 311979 |
| | MATIS BAUM O'CONNOR<br>Firm #983<br>912 Fort Duquesne Blvd<br>Pittsburgh, PA 15222<br>(412) 338-4750 |
| | JURY TRIAL DEMANDED |
| | ***Electronically Filed*** |

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENA ABRAN, INDIVIDUALLY, AND AS MOTHER AND AS ADMINISTRATOR OF THE ESTATE OF GENE WILSON, DECEASED,<br><br>          Plaintiff,<br>  vs.<br><br>CITY OF PHILADELPHIA | CIVIL DIVISION<br><br>No. 18-CV-1107<br><br>Code: |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### I.  Procedural History

Plaintiff, Rena Abran, as the mother and Administrator of the Estate of Gene Wilson, deceased, initiated this action by filing a Complaint on March 15, 2018 (Doc. 1). Less than a month later, the Complaint was amended (Doc. 3). On May 30, 2018, this Honorable Court entered a Scheduling Order directing Plaintiff to join or add additional parties on or before June 12, 2018 (Doc. 9). The Scheduling Order was amended on two occasions, and Plaintiff was given an extension of time to join additional parties until June 26, 2018 (Doc. 11) and then again until July 31, 2018 (Doc. 16).

A Second Amended Complaint was filed on July 31, 2018 identifying three new defendants, none of whom are mental health providers (Doc. 18). Plaintiff attempted to file yet another Amended Complaint on September 27, 2018 (Doc. 22) but the pleading was stricken due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 15(a). On October 25, 2018, Plaintiff filed a First Motion to Amend her Complaint (Doc. 26) which was granted on November 14, 2018 (Doc. 30). Her Third Amended Complaint was filed on the same day (Doc. 31).

A Fourth Amended Scheduling Order was entered on February 21, 2019 (Doc. 57) indicating that all fact discovery shall be completed by June 11, 2019. Shortly before the discovery deadline concluded, Plaintiff filed a Second Motion to Amend her Complaint (Doc. 65) which was ultimately granted on June 18, 2019 (Doc. 70). A Fourth Amended

Complaint, naming as parties for the first time MHM Services, Inc., a/d/a Centurion[1] (herinafter "MHM") and Olumide Oluwabusi, M.D. (jointly "Moving Defendants"), was filed on June 20, 2019 (Doc. 71).

Since the time of her first pleading, Plaintiff identified "John/Jane Doe" Defendants who were individuals allegedly "employed by the City of Philadelphia Prison System/Department of Prisons" (Doc. 1, ¶ 14).  Plaintiff never identified as unknown defendants a corporate entity responsible for proving mental health services to the prison population or a mental health provider.  As early as Plaintiff's original Complaint, she has had an understanding of Dr. Oluwabusi's conduct on March 25, 2016 (Doc. 1, ¶ 34).  In fact, all five of Plaintiff's complaints identify Dr. Oluwabusi by name (but not as a party) and allege that he conducted a psychiatric evaluation on Gene Wilson, deceased (hereinafter "Decedent") (Doc. 1, ¶¶ 34 and 35; Doc. 3, ¶¶ 34 and 35; Doc. 18, ¶¶ 37 and 38; Doc. 31 ¶¶41 and 42; Doc. 71 ¶¶ 45 and 46).  These factual averments have not varied from pleading to pleading.  Although she had knowledge of this information at the time this lawsuit was initiated, Plaintiff did not name Dr. Oluwabusi as a defendant or set forth claims critical of the mental health care provided to Decedent until June 20, 2019, after discovery had closed and after the statute of limitations had expired.

After the Fourth Amended Complaint was filed, Waivers of Service of Summons were executed and returned on behalf of Moving Defendants on June 28, 2019.  Those waivers set a deadline for Moving Defendants to file an Answer or Motion to Dismiss Plaintiff's Fourth Amended Complaint on or before August 26, 2019 (Docs. 73 and 74).  This Motion to Dismiss and Brief in Support is now timely filed on behalf of Moving Defendants.

**II.  Questions Presented**

    A.    WHETHER PLAINTIFF'S CLAIMS AGAINST MOVING DEFENDANTS SHOULD BE DISMISSED BASED ON PLAINTIFF'S FAILURE TO NAME THEM AS DEFENDANTS BEFORE THE EXPIRATION OF THE STATUTE OF LIMITATIONS AND AFTER THE COURT IMPOSED DEADLINE?

---

[1] MHM Correctional Services, Inc. was improperly identified as "MHM Service, Inc. a/d/a Centurion."

      <u>Suggested Answer</u>:    YES.

    B.    WHETHER PLAINTIFF'S NEGLIGENCE/PROFESSIONAL LIABILITY CLAIMS AGAINST MOVING DEFENDNATS SHOULD BE DISMSISED BASED ON PLAINITFF'S FAILURE TO TIMELY FILE A CERTIFICATE OF MERIT?

    <u>Suggested Answer</u>: YES.

    C.    WHETHER PLAINTIFF'S CONSPIRACY CLAIMS SHOULD BE DISMISSED BASED ON HER FAILURE TO STATE A CLAIM?

    <u>Suggested Answer</u>:    YES.

## III.  <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint may be dismissed for failing to state a claim upon which relief may be granted. In evaluating a motion to dismiss under this rule, the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

A plaintiff is required to meet a plausibility standard in order to survive a 12(b)(6) motion. The complaint must reflect enough factual matter to "state a claim to relief that is plausible on its face." *Barber v. Pennsylvania State Police*, 2007 W.L. 2071896, *2 (W.D. Pa., July 19, 2007), *citing, Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, the Court must disregard the legal conclusions made by Plaintiff and determine if the facts are sufficient to show a plausible claim for relief.

## IV.  <u>Argument</u>

### A.  Plaintiff's Claims Against Moving Defendants Must be Dismissed as they Were Filed After the Expiration of the Statute of Limitations and after the Court Imposed Deadline

A statute of limitations defense may be brought as a 12(b)(6) motion when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Anders v. Bucks County*, 2014 WL 1924114 (E.D. Pa. May 12, 2014), *citing Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Plaintiff's § 1983 claims are governed by the two-year statute of limitations applicable in Pennsylvania

personal injury cases. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998), citing *Wilson v. Garcia*, 471 U.S. 261 (1995); *287 Corporate Ctr. Assocs. v. Township of Bridgewater*, 101 F.3d 320 (3d Cir. 1996). *See, also,* 42 Pa. C.S.A. 5524(7). The statute of limitations in this matter expired on March 26, 2018, two years after Decedent's death. Plaintiff's Fourth Amended Complaint was not filed until June 20, 2019, more than a year after the statute expired and almost eleven months after the Court imposed deadline for filing amended pleadings.

A District Court's Pretrial Scheduling Order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Under this rule, "good cause" looks to the diligence of the party seeking the extension or modification to the order, placing the burden on the moving party. *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010). Here, Plaintiff has engaged in undue delay and placed an unwarranted burden on Moving Defendants. Her delay must preclude her from pursuing new claims at this late stage. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir.2001). Courts in this Circuit have precluded late amendments under Rule 16 where the plaintiffs had the necessary facts to bring about the proper claims against the correct defendants but failed to do so in a timely manner. *Graham*, 271 F.R.D. 112, 119-120 (citing to *Price v. Trans Union, LLC*, 737 F.Supp.2d 276, 280, (E.D.Pa. Aug. 17, 2010)) ("[w]here ... the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent"). As will be set forth in more detail below, Plaintiff had access to the facts necessary to amend her Complaint well before the Court imposed deadline expired.

An amendment after the expiration of the statute of limitations is permitted only when the new claims "relate back" to the original pleading. F. R. Civ. P. 15(c). Pursuant to Rule 15(c)(1)(C), when the amendment "changes the party….against whom a claim is asserted," the new pleading will "relate back" to the original pleading only if certain

conditions are met. Rule 15(c)(1)(C). Plaintiff has not met the conditions set by Rule 15 and her claims against Moving Defendants must be dismissed.

1. <u>Permitting Plaintiff to Proceed with Claims Against Moving Defendants at this Late Stage Subjects Moving Defendants to Prejudice</u>

The first condition to be considered by the Court is whether the amendment names a party who would be prejudiced in defending the case on the merits by a late joinder. F. R. Civ. P. 15(c)(1)(C)(i). Moving Defendants are undoubtedly prejudiced by this late joinder.

Discovery in this matter closed on June 11, 2019. Even if an extension of time to complete additional discovery is granted, significant discovery has already been undertaken. Depositions have been recorded,[2] records have been exchanged, and dispositive motions have been filed. The late joinder of Moving Defendants has excluded these parties from discovery proceedings and motions practice. Moving Defendants have been precluded from questioning certain witnesses and lodging objections to testimony and motions.[3] If Plaintiff were permitted to proceed with her claims against Moving Defendants, these parties will be highly prejudiced and prevented from properly and effectively litigating this case.

2. <u>Plaintiff's Claims Do Not Relate Back</u>

In addition to the requirement that the newly added Defendants will not be prejudiced by the joinder, Rule 15(c)(3) has two basic parts, both of which must be met before relation back is permitted. *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001). First, the additional defendant must have received sufficient notice of the claim. *Id*. Second, 15(c)(3)(B) requires that the party sought to be added knew or should have known that, but for a mistake, the plaintiff would have named him in the original complaint. *Id*. In the instant matter, neither of these elements has been met.

---

[2] At least six depositions have been recorded to date. Counsel for Moving Defendants was not present for these depositions as Moving Defendants were joined after the depositions were recorded.
[3] Further, the undersigned counsel has not yet obtained all discovery materials exchanged to date. Although Plaintiff's counsel has emailed certain documents, it is clear that large portions of records and written discovery have not yet been produced.

Moving Defendants were not given timely notice of Plaintiff's claims. Plaintiff concedes that actual notice was not provided to Moving Defendants (Doc. 65-1, p. 3), but attempts to argue that imputed notice was timely achieved (Doc. 65-1, pp. 3-5). In order to show that sufficient imputed notice of a claim was provided, a Plaintiff must show that a newly named defendant was closely related to an original defendant by either sharing an attorney or through an "identity of interest." *Singletary,* 266 F.3d at 196-97. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.*, at 197, *quoting*, 6A Charles A. Wright et al., Federal Practice and Procedure § 1499 at 146 (2d ed. 1990).

Here, Plaintiff suggests that because Dr. Oluwabusi was "named" in the original complaint, because he shares counsel with MHM and because he was an employee of MHM, the notice requirements of Rule 15 was met (Doc. 65-1, p. 5). This argument is both misleading and disingenuous. Dr. Oluwabusi was not a named defendant in Plaintiff's original pleadings and no action was instituted against him. His name was simply listed among the factual averments. No claims were set forth against him and he was not made aware of this litigation.[4] Moving Defendants do not share counsel with any of the original Defendants and there is no "identity of interest" between Moving Defendants and the original parties to this action. Moving Defendants did not receive sufficient notice of the claim. Accordingly, the Fourth Amended Complaint does not relate back.

Further, Moving Defendants had no reason to believe they would have been named as Defendants in Plaintiff's original Complaint, "but for a mistake." Although Plaintiff's original Complaint identified John and Jane Doe Defendants, there is no description of a

---

[4] Plaintiff also incorrectly argues that adding Moving Defendants would be appropriate since "the allegations that would be lodged against them are, essentially, the same as those previously lodged against their aforementioned employee." (Doc. 65-1, p. 5). There were no allegations "lodged" against Dr. Oluwabusi, MHM or any MHM employee in Plaintiff's first four pleadings.

corporate entity contracted to provide mental health services to inmates in the Philadelphia Prison. There were no claims against mental health providers in Plaintiff's original pleadings and there was no allegation critical of Decedent's mental health care. Accordingly, there was no basis for MHM to expect that they would have been or should have been parties to this action.

With respect to Dr. Oluwabusi, Plaintiff has quite clearly been aware of his identity since she initiated this action, well before the statute of limitations expired, and chose not to sue him. While a mistake concerning the identity of the proper party can be a result of a lack of knowledge, if "plaintiff knew of the existence, identities and roles of [the] parties," plaintiff cannot argue a mistake. *Ferencz v. Medlock*, 905 F.Supp.2d 656, 670 (W.D. Pa. Oct. 17, 2012). Since the outset of this case, Plaintiff described Dr. Oluwabusi and his involvement with Decedent in her pleadings, but she never included a claim against him. "[A]n amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time[,]" *Garvin v. City of Phila.*, 354 F.3d 215, 221–22 (3d Cir. 2003). That is exactly what occurred here. Accordingly, Plaintiff has not met her burden in showing that her Fourth Amended Complaint relates back to the original Complaint.

Plaintiff is not "simply amplifying and/or correcting Dr. Olumide Oluwabusi's employment status" with this amendment as she suggests (Doc. 65-1, p. 6). Rather, she is improperly attempting to add two new parties to this action without timely notice, in violation of the statute of limitations and subjecting Moving Defendants to prejudice. Plaintiff's claims against Moving Defendants are improper and must be dismissed.

**B.    Plaintiff's Negligence/Professional Liability Claims Must be Dismissed**

According to Pennsylvania Rule of Civil Procedure 1042.3, a plaintiff asserting a medical negligence claim is required to produce a Certificate of Merit stating that a qualified expert has supplied a written statement that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited by the defendant fell outside acceptable

professional standards, and that such conduct was a cause in bringing about the plaintiff's harm. "This Rule must be applied, as well, in Federal Court ... where a Complaint is predicated upon facts constituting medical treatment, that is, when it involves diagnosis, care, and treatment by licensed professionals, the action must be characterized as a professional negligence action." *Jackson v. Beard*, 2009 WL 3747874 (W.D. Pa. Nov. 5, 2009), citing *Chamberlain v. Giampapa*, 210 F.2d 154, 158-61 (3d Cir. 2000) and *Ditch v. Waynesboro Hospital*, 917 A.2d 317, 321-22 (Pa. Super. 2007) (internal quotations omitted).

Count III of Plaintiff's Fourth Amended Complaint sets forth claims of "negligence" alleging that Defendants engaged in negligent conduct resulting in Decedent's death and injuries (Doc. 71, ¶¶ 111-117). Such claims, which are clearly asserted against mental health professionals, amount to allegations of professional liability and require expert support. A Certificate of Merit is required where the defendant is a licensed professional identified by the applicable Rule, or where the defendant is a corporation engaged in providing the type of services set forth in Pa. R.C.P. 1042.3. Moving Defendants fall within these categories. Where a defendant is in the business of providing the services identified in the Rule, and the plaintiff alleges it failed to meet appropriate standards, a certificate of merit is required. *Baumgardner v. Ebert*, 535 Fed. Appx. 72 (3d Cir. 2013).

On August 8, 2019, Moving Defendants directed a Notice of Intention to Enter Judgment on Professional Liability Claims to Plaintiff (Doc. 85). No Certificate of Merit has been filed. The certificate of merit requirement is "substantive state law that must be applied by a federal court sitting in diversity." *Schmigel v. Uchal,* 800 F.3d 113, 115 (3d Cir. 2015).

The Third Circuit Court of Appeals has suggested that summary judgment, rather than a motion to dismiss, is the appropriate mechanism for seeking dismissal where a plaintiff has failed to comply with the Certificate of Merit requirements. *Schmigel v. Uchal*, 800 F.3d 113, 122 n.13 (3d Cir. 2015). Where a defendant has complied with all of the conditions

precedent to obtaining a dismissal for failure to file certificates of merit, entry of judgment in that defendant's favor is appropriate. *Munsif v. Hospital*, 2016 WL 5192377 (E.D. Pa.) (construing doctor's motion to dismiss as a summary judgment motion and granting summary judgment where doctor complied with notice requirements of Certificate of Merit rules). Wherefore, it is respectfully requested that this Honorable Court construe this motion as one seeking summary judgment and that summary judgment be entered in favor of Moving Defendants and against Plaintiff with respect to her negligence claims.

### C. Plaintiff's Civil Conspiracy Claims Must be Dismissed

Plaintiff's Fourth Amended Complaint includes an allegation that the Defendants engaged in a "civil conspiracy" to "deprive [Decedent] of his civil rights and attempted to cover up his suicide death in a secret meeting" (Doc. 71, Count VI). The allegations contained in this count are conclusory and completely unsupported by appropriate factual averments. These legal conclusions do not set forth an appropriate cause of action. *Twombly*, 550 U.S. at 555.

In pleading a conspiracy claim, a plaintiff cannot rely upon subjective suspicion or speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991). Plaintiff is required to plead allegations "supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives. Bare conclusory allegations of conspiracy or concerted action will not suffice to allege a conspiracy." *Flanagan v. Shively*, 783 F. Supp. 922, 928 (M.D. Pa. 1992) (internal quotations omitted). Plaintiff's Fourth Amended Complaint only states that a conspiracy was occurring. This allegation is not appropriately supported by facts and, therefore, must be dismissed.

### IV. Conclusion

For the reasons set forth above, Moving Defendants respectfully request that their Motion to Dismiss Plaintiff's claims be granted and that Plaintiff's claims be dismissed with prejudice.

        MATIS BAUM O'CONNOR
        *Electronically Filed*

By:   */s/ Cassidy L. Neal*
       Cassidy L. Neal, Esquire
       PA I.D.311979
       Attorneys for Olumide Oluwabusi, M.D. and MHM Correctional Services, Inc., incorrectly identified as "MHM Service, Inc., a/d/a Centurion," Defendants

Matis Baum O'Connor
912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750