IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RENA ABRAN,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 18-cv-1107 |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| *Defendants.* | : | |

### ORDER

**AND NOW,** this 8th day of November, 2019, upon consideration of Plaintiff, Rena Abran's letter (ECF No. 95) relative to Plaintiff's "Motion to Compel Additional Discovery" (ECF No. 75) and Defendant, Corizon Health, Inc.'s Response in Opposition (ECF No. 78) [1], I hereby find as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On March 18, 2019, Plaintiff propounded its First Set of Interrogatories upon Defendant, Corizon Health, Inc. ("Corizon").

2. Plaintiff's request and Corizon's response were as follows:

> 15. Identify every document you prepared, reviewed, assisted in the preparation of, or were otherwise associated with in the course of your involvement with the incident involving Plaintiff at or near his jail cell on March 26, 2016, and any other matter arising out of the instant incident, including, but not limited to, any and/or all medical records, statements, internal medical statements, reports or documents, and any other documents generated, and provide same as a production response.

---

[1] While my August 8, 2019 Order (ECF No. 88) originally denied both motions as moot, the present Order addresses the merits of Plaintiff's Compel Additional Discovery.

> ANSWER:
>
> Gene Wilson's electronic health record has been produced. In addition, a document was prepared pursuant to the 2008 regulation implementing the Patient Safety and Quality Improvement Act of 2005. Corizon Health, Inc. objects to producing this document as it is, as provided for by the Act, privileged, confidential, and otherwise not discoverable as patient safety work product.

3. As noted above, asserting the Patient Safety Work Product privilege, Corizon has refused to produce a document which related to its investigation of Gene Wilson's suicide death.

4. On July 2, 2019, Plaintiff filed the present Motion to Compel. (ECF No. 75.) Corizon filed its response on July 10, 2019. (ECF No. 78.)

5. Based on the addition of new parties to the lawsuit, a Fifth Amended Scheduling Order was entered on August 8, 2019 (ECF No. 88), which extended discovery and denied Plaintiff's Motion to Compel as moot.

## II.  DISCUSSION

6. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1).

7. The Patient Safety and Quality Improvement Act ("PSQIA"), 42 U.S.C. § 299b-22, establishes a "Patient Safety Work Product" privilege. Crawford v. Corizon Health, Inc., No. 17-113, 2018 WL 3361147, at *2 (W.D. Pa. July 10, 2018). The privilege encompasses, *inter alia*, "any data, reports, records, memoranda, analyses, or written or oral statements which . . . are assembled or developed by a provider for reporting to a patient safety organization and are reported to a patient safety organization." 42 U.S.C.A. § 299b-21(7)(A)(i)(I).

8. Plaintiff argues that the Motion to Compel should be granted, claiming that Corizon has failed to meet its burden of demonstrating that it is entitled to the Patient Safety Work Product privilege.

9. Despite Plaintiff's arguments to the contrary, Corizon offers support for all requisite elements to trigger this privilege, thus preventing production of the disputed document. Namely, Corizon has articulated:

> [T]he document for which privilege was asserted by Corizon pursuant to the PSQIA were assembled and developed by Corizon for the purpose of reporting to a patient safety organization, were placed into Corizon's Patient Safety Evaluation System ("PSES") database, and were submitted to Corizon's PSO . . .

(Corizon's Resp. to Pl.'s Mot. to Compel at 4, ECF No. 78-1.)

10. Plaintiff's reliance on <u>Crawford v. Corizon Health, Inc.</u>, No. 17-113, 2018 WL 3361147, at *2 is misplaced. There, the Court held that the defendant failed to demonstrate its entitlement to the Patient Safety Work Product privilege. Specifically, the defendant failed to assert one of the express requirements of the privilege—that the defendant assembled or developed the documents in question for reporting to a patient safety organization. <u>Id.</u> Unlike in <u>Crawford</u>, Corizon here has expressly articulated the requirements to trigger application of the privilege.

11. As such, Corizon has established that the document is entitled to protection, pursuant to the Patient Safety Work Product privilege.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's "Motion to Compel Additional Discovery" (ECF No.75) is **DENIED**.

3

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*

**MITCHELL S. GOLDBERG, J.**