UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rena Abram, etal | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | |
| | : | NO: 18-cv-1107 |
| City of Philadelphia, et al.; | : | |
| Defendants. | : | |

# ORDER

AND NOW TO WIT, on this _____ day of _____, 2020, upon consideration of the Plaintiff's Motion for Reconsideration of the Courts, January 21, 2020, Order dismissing both Dr. Oluwabusi and MHM Services, Inc., and all replies thereto, said Motion is hereby GRANTED.

Defendants, Dr. Oluwabusi and MHM Services, Inc., are hereby Ordered to provide Plaintiff with full and complete discovery forthwith and to further allow Plaintiff time to provide said discovery to its expert to provide a Certificate of Merit within 15 days.

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rena Abram, etal | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | NO: 18-cv-1107 |
| City of Philadelphia, et al.; | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

AND now comes the Plaintiff, by and through their attorney, Troy H. Wilson, Esquire who does file this Motion for Reconsideration of the court's January 21, 2020 Order granting defendants' Oluwabusi and MHM Services, Inc.'s motion to dismiss for Plaintiff's failure to file a Certificate of Merit and in support thereof does allege the following:

1. On or about March 15, 2018, the Plaintiff did file a 1983 Civil Rights, prison suicide/wrongful death Federal suit.

2. As a result of undertaking discovery Plaintiff sought to amend her Civil Rights Complaint and did file said Amendment which brought in the defendants, Dr. Oluwabusi and MHM Services, Inc.

3. On or about June 18, 2019, Plaintiff's leave to file her Amended Complaint was granted.

4. Plaintiff and the defendants have agreed to conduct additional discovery by way of taking the depositions of several witnesses, including but not limited to, Dr. Olumide Oluwabusi and have scheduled the same for at least two of these defendant witnesses.

5. All parties have otherwise complied with all written discovery except for the defendants Dr. Oluwabusi and MHM Services, Inc.

6. Plaintiff has yet to receive discovery from these defendants although defendants have promised to provide the same.

7. On or about October 11, 2019 the Plaintiff did, by and through her attorney, send formal written discovery to the defendants, Dr. Oluwabusi and MHM Services, Inc..

8. Said discovery included formal Interrogatories and Requests For Production of Documents propounded upon the above-mentioned defendants.

9. At all times relevant hereto upon receipt of the aforementioned Plaintiff's discovery requests counsel for the Plaintiffs did agree to provide responses to both the aforementioned Interrogatories and Requests for Production of Documents.

10. Additionally, Plaintiff, by and through her counsel, did inform and/or remind said defense counsel that Plaintiff's expert required the above-mentioned discovery answers so that he could review the same in order to provide a Certificate of Merit to Plaintiff concerning these defendants' actions surrounding this above-captioned case.

11. Additionally, counsel for Plaintiff did via email on or about December 19, 2019, repeatedly, remind counsel for defendants' Oluwabusi and MHM Services, Inc. about the importance of providing said discovery to Plaintiff's counsel.

12. At all times relevant hereto, including in the aforementioned December 19, 2019 email, counsel for Plaintiff did, repeatedly, remind counsel for defendants' Oluwabusi and MHM Services, Inc. that Plaintiff's attorney required receipt of the aforementioned discovery in order to review the same so that he could provide Plaintiff with a Certificate of Merit for the above-captioned case.

13. For that matter on or about January 8, 2020, prior to the start of the deposition of defendant Corizon's Corporate Designee, counsel for Plaintiff did, once again, remind defense counsel for Oluwabusi and MHM Services that he was awaiting receipt of the aforementioned discovery.

14. Defense counsel informed Plaintiff's counsel that she would remind her lead defense counsel, Cassidy Neal, Esquire about Plaintiff's continuing and unfulfilled discovery requests.

15. Moreover, on or about January 8, 2020 during a deposition of defendant, Warden Lawton in reference to the above-captioned case, in front of all counsel, including counsel for the defendants' Oluwabusi and MHM Services, Plaintiff's counsel did, yet again, renew her request to receive discovery answers, responses and documents for this civil rights matter.

16. Prior to the start of Warden Lawton's deposition counsel for defendants', Cassidy Neal, Esquire did acknowledge that said discovery responses were, at this time, "complete". She went on to explain that she was simply awaiting a verification or signature to be affixed to said discovery responses before she would send them out to Plaintiff's counsel.

17. Defense counsel further stated that upon receipt of said signature she would provide the complete discovery answers and responses to Plaintiff's counsel.

18. On or about January 21, 2020 the Honorable Judge Goldberg did issue an Order to grant the defendants' Oluwabusi and MHM Services' request to be dismissed from the above-captioned matter for failure of Plaintiff to provide a Certificate of Merit.

19. At all times relevant hereto the Plaintiff has attempted to act expeditiously to secure the defendants' discovery.

20. At all times relevant hereto the defendants' had, previous to said January 21, 2020 Order, willingly agreed to provide discovery responses to the Plaintiff's Interrogatory request as well as to Plaintiff's Requests For Production of Documents since said defendants, through their counsel knew that this discovery was vital to the Plaintiff so that she could secure a

Certificate of Merit to proceed against defendants Oluwabusi and MHM Services in reference to the above-captioned civil rights matter.

21. Based on the above the Plaintiff relied, apparently to her detriment, on the assurances from counsel for the defendants that Plaintiffs' counsel would receive the discovery in order to secure the aforementioned Certificate of Merit.

22. Plaintiff is obviously prejudiced since this honorable court recently issued an order dismissing both Dr. Oluwabusi and MHM Services, Inc. from the above-captioned civil rights matter.

23. This court, however, had no knowledge of the agreement between the parties concerning providing Plaintiff's counsel with defendants' Oluwabusi and MHM Services' discovery to Plaintiff's counsel for a review by Plaintiff's expert prior to the issuance of the aforementioned court Order.

24. Under Federal Rule of Civil Procedure 60 this honorable court can change or otherwise correct or reconsider an order that it has been made in a federal matter.

25. Therefore, based on the above, as well as the defendants' tacit agreement to provide complete discovery prior to the issuance of the court's aforementioned Order the defendants should not be given the benefit of the court's most recent order since said defendants knew full well that Plaintiff relied on defendants' agreement to provide discovery so that the same could be transmitted to Plaintiff's expert to review prior to issuing a Certificate of Merit.

WHEREFORE, the Plaintiff, Rena Abran, respectfully requests that this Honorable Court grant her Motion for Reconsideration and order the Defendants, Dr. Oluwabusi and MHM Services, Inc. to provide Plaintiff with full and complete discovery immediately and to further

allow Plaintiff time to provide said discovery to its expert to provide a Certificate of Merit within 15 days.

Respectfully submitted:

TROY H. WILSON, ESQ.