UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rena Abram, etal | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO: 18-cv-1107 |
| City of Philadelphia, et al.; | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW

**QUESTION:** Should this honorable court grant the Plaintiff's Motion For Reconsideration of the Court's January 21, 2020 Order granting the Defendants' Dr. Oluwabusi and MHM Services, Inc.'s motion to be dismissed for failure of the Plaintiff to file a Certificate of Merit when, unbeknownst to the court, these defendants and the Plaintiff agreed that the defendants would provide Plaintiff answers to its discovery requests so that said Plaintiff could transmit the same over to its expert who would, in turn, provide a Certificate of Merit under Federal Rule 60?

**ANSWER:** Affirmative.

**FACTS:**

Plaintiff filed a civil rights complaint and ultimately added the defendants Dr. Oluwabusi and MHM Services, Inc. to the same. On or about October 11, 2019 the Plaintiff did, by and through her attorney, send formal written discovery to the defendants, Dr. Oluwabusi and MHM Services, Inc.. This discovery included formal Interrogatories and Requests For Production of Documents propounded upon the above mentioned defendants.

At all times relevant hereto upon receipt of the aforementioned Plaintiff's discovery requests counsel for the Plaintiffs did agree to provide responses to both the aforementioned Interrogatories and Requests for Production of Documents.

Additionally, Plaintiff, by and through her counsel, did inform and/or remind said defense counsel that Plaintiff's expert required the above-mentioned discovery answers so that he could review the same in order to provide a Certificate of Merit to Plaintiff concerning these defendants' actions surrounding this above-captioned case.

Additionally, counsel for Plaintiff did, repeatedly, including emailing defense counsel for these defendants on December 19, 2019, remind counsel for defendants' Oluwabusi and MHM Services, Inc. about the importance of providing said discovery to Plaintiff's counsel and that Plaintiff requires the same because her expert needs to review to provide a Certificate of Merit surrounding this matter.

For that matter on or about January 8, 2020, prior to the start of the deposition of defendant Corizon's Corporate Designee, counsel for Plaintiff did, once again, remind defense counsel for Oluwabusi and MHM Services that he was awaiting receipt of the aforementioned discovery.

Defense counsel informed Plaintiff's counsel that she would remind her lead defense counsel, Cassidy Neal, Esquire about Plaintiff's continuing and unfulfilled discovery requests.

Moreover, on or about January 14, 2020 during a deposition of defendant, Warden Lawton in reference to the above-captioned case, in front of all counsel, including counsel for the defendants' Oluwabusi and MHM Services, Plaintiff's counsel did, yet again, renew his request to receive discovery answers, responses and documents for this civil rights matter.

Prior to the start of Warden Lawton's deposition counsel for defendants', Cassidy Neal did acknowledge that said discovery responses were, at this time, "complete". She went on to explain that she was awaiting a verification or signature to be affixed to said discovery responses before she would send them out to Plaintiff's counsel.

Defense counsel further stated that upon receipt of said signature she would provide the complete discovery answers and responses to Plaintiff's counsel.

On or about January 22, 2020 the Honorable Judge Goldberg did issue an Order to grant the defendants' Oluwabusi and MHM Services' request to be dismissed from the above-captioned matter for failure of Plaintiff to provide a Certificate of Merit.

**LAW:**

Rule 60. Relief from a Judgment or Order

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

    (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

    (2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

    (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

    (2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

    (3) set aside a judgment for fraud on the court.

(e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

**ARGUMENT:**

    Under Rule 60 this honorable court has the inherent power to reconsider a ruling or order that it has rendered in relation to a case assigned to said court. In this particular situation this court issued an order, upon defense motion, to grant their request to dismiss two defendants: Dr. Oluwabusi and MHM Services, Inc. despite the fact that the court did not have the knowledge of the agreement between the two parties that the defendant would respond and answer Plaintiff's

discovery requests so that she could have her expert review the same to render a Certificate of Merit.

It must be emphasized that at all times hereto the Plaintiff relied to her detriment on the promises of the defendants' counsel that discovery would be provided in this situation. Additionally, Plaintiff relied, to her detriment, on defense counsel's assertions, prior to the issuance of this court's motion recent Order, that said discovery was done and complete and was simply awaiting verification signatures before being sent to Plaintiff's counsel.

Given the above the Plaintiff requests that this court grant Plaintiff's reconsideration motion under these unique circumstances given the aforementioned agreement between the aforementioned parties.

**CONCLUSION:**

For the foregoing reasons the Plaintiff, Rena Abran, respectfully requests that this Honorable Court grant her Motion for Reconsideration and order the Defendants, Dr. Oluwabusi and MHM Services, Inc. to provide Plaintiff with full and complete discovery immediately and to further allow Plaintiff time to provide said discovery to its expert to provide a Certificate of Merit within 15 days.

Respectfully submitted:

Troy H. Wilson, Esquire