IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

RENA ABRAN (ESTATE OF GENE WILSON)
, Plaintiff

CIVIL ACTION
No. 18-1107

v.

CITY OF PHILADELPHIA, et al.;

Defendants

ORDER

AND NOW TO WIT on this     day of      ,2020 upon consideration

of the Plaintiff's Motion for Discovery Sanctions and the Defendant's City of Philadelphia

response thereto, it is hereby ORDERED that the Plaintiff's Motion is GRANTED. Defendant is

also ORDERED to transmit to Plaintiff, in five (5) days any and all additional discovery listed in

Defendant's Response to Plaintiff's Supplemental Request for Production of Documents.

Additionally, Defendant is ORDERED to pay Plaintiff the sum total of $5,000.00 as a further

sanction and Defendant is also, herewith, precluded from raising a defense to the

above-captioned civil rights matter if this matter proceeds to trial.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

RENA ABRAN (ESTATE OF GENE WILSON)           CIVIL ACTION
                                , Plaintiff      No. 18-1107

     v.

CITY OF PHILADELPHIA, et al.;
                      Defendants

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT CIT OF PHILADELPHIA

The Plaintiff, by and through her attorney, Troy H. Wilson, Esquire does file this motion for sanctions and in support thereof does aver the following:

1.     Plaintiff filed a 1983 Civil Rights action against the above-captioned defendants.

2.     As a result of the same approximately one year ago the defendants provided the Plaintiff with discovery including but not limited to, its complete "Monell" discovery.

3.     This City defendant discovery was delivered to Plaintiff only after the Plaintiff was compelled to file a Motion to Compel discovery where this court additionally stated that it would entertain Plaintiff's motion for sanctions if it chose to pursue the same. (Exhibit "A").

4.     Since that time the Plaintiff did attempt to depose City employee Defendant Warden Lawton in reference to this above-captioned 1983 civil matter.

5.     At all times relevant hereto the Defendant City has delayed the taking of Warden Lawton's deposition all to Plaintiff's continuing detriment.

6.     At one point Defendant City stated that it could not "locate" said defendant Lawton further delaying discovery.

7.     These additional delays by said Defendant City caused the parties to have to seek Lawton's deposition well after the expiration of Judge Goldberg's applicable discovery deadline.

8. On or about January 14, 2020 the Plaintiff finally obtained the deposition of one of the aforementioned defendant, Warden Lawton.

9. During said deposition defendant Lawton testified that he was in possession of additional discovery including but not limited to tape recorded and/or transcripts of mandatory meetings he presided over as Warden of the House of Corrections wherein other defendants and defendant City defendants actively participated in the same.

10. This defendant also testified that he provided his City of Philadelphia "superiors" with copies of all of the above listed discoverable information.

11. Thus, the defendant City of Philadelphia has been in possession of the aforementioned discoverable and relevant documents for years before the Plaintiff filed her civil rights suit against the defendants and failed to provide the same to said Plaintiff after her suit was filed.

12. Additionally, defendant Lawton testified, initially, that he knew nothing about the Gene Wilson prison suicide matter, yet this assertion was contradicted by at least two other defendants' direct testimony that they had a post suicide meeting chaired by said defendant Lawton.

13. Additionally, given defendant Lawton's above-mentioned testimony documents exist that directly relate to the prison suicide death of Gene Wilson, the Plaintiff's now deceased son. Said Gene Wilson documents have been in the possession of said defendants since 2016 yet they have never been provided to the Plaintiff at any time.

14. During this January 14, 2020 deposition Plaintiff's counsel did request the immediate receipt of the aforementioned discovery despite the fact that the same was not provided to Plaintiffs' counsel earlier.

15. On or about January 27, 2020 Plaintiff's counsel followed up this request with a formal email confirming her request for this additional discoverable information.

16. On or about February 3, 2020 Plaintiff did send the defendants a formal written Request for Production of Documents related to said January 14, 2020 deposition.(Exhibit "B").

17. On or about January , 2020 the defendants (hereinafter referred to as "City defendants") did file a Motion for Summary Judgment.

18. As a result of this filing Plaintiff did file a formal request for an extension of time to properly respond to the City defendants' motion as well as that of the defendants Corizon and nurse Orgasan.

19. On or about January 30,2020 this honorable court granted Plaintiff's request for an extension of time to file a response to the above-mentioned dispositive motions. The due date for said responses was now March 2, 2020.

20. On or about February 24, 2020 the City Defendants by and through their counsel did formally respond to Plaintiff's above-mentioned supplemental Request For Production of Documents. (See Exhibit "C").

21. In its reply the City defendants, repeatedly, admitted that they do, indeed, possess the relevant and discoverable information related to this civil matter. However the City defendants stated they would supply the same at some unknown time or date in the future.

22. Additionally said City defendants did attach a summary of all Philadelphia Prison deaths which now indicated that from 2011-2016 the City of Philadelphia had at least 18 prison suicide deaths. (Exhibit "D").

23. This directly contradicts the Monell discovery documents previously sent to the Plaintiff wherein the City defendants provided statistical information of only 12 prison suicide deaths during the same 2011-2016 time period.

24. On or about February 28, 2020 counsel for Plaintiff did email the new counsel for the

defendant City of Philadelphia wherein counsel inquired, once again, as to when Plaintiff should expect to receive the aforementioned discoverable information.

25.     As of the filing of this motion for sanctions the defendant City of Philadelphia still has not provided the Plaintiff with any of the aforementioned discovery despite previously confirming that they did, indeed, possess the same.

26.     Given defendant's behavior Plaintiff's entire case is hamstrung as the defendants have finally, after at least two years since the filing of the above-captioned civil matter, admitted that they have possessed this potentially exculpatory discovery since the inception of the above-captioned lawsuit.

27.     The defendant City of Philadelphia's behavior in reference to discovery has been willful, purposeful, dilatory and evasive. This is especially so since over one year ago this honorable did find that the defendant City of Philadelphia did, previously, violate its outstanding discovery order when the defendant refused to provide the Plaintiff with discovery in a timely fashion thereby forcing Plaintiff to file a motion to compel.

28.     The defendant's behavior was so egregious that the court suggested to Plaintiff that they would entertain a motion for sanctions against said defendant for its needlessly dilatory behavior.

29.     Under Rule 26 of the Federal Rule of Civil Procedure the defendant City has a continuing duty to disclose and to provide discovery at its disposal yet in this particular case the defendant violated both Judge Goldberg's aforementioned discovery order as well as Rule 26.

30.     Based on the above the defendants have, once again, violated the court's discovery order for this case and have also, apparently, knowingly withheld potentially exculpatory and/or otherwise discoverable information related to the above-captioned civil rights case.

31.     As a result of the defendants above-mentioned actions Plaintiff is clearly prejudiced as

the City defendants have freely admitted that they have been in possession of additional relevant and discoverable information for years now, yet they have failed to deliver the same to Plaintiff as per Judge Goldberg's Case Management Discovery Order.

32.     Said attached documents are further proof that this honorable court must grant Plaintiff's Sanctions request given said City defendants' admission that they have possessed additional relevant and discoverable Monell related documents prior to the filing of this civil rights case despite their refusal to deliver the same to Plaintiff.

WHEREFORE, for the foregoing reasons the Plaintiff respectfully requests that this honorable court, grant her Motion for Sanctions against the Defendant City of Philadelphia.

Respectfully submitted:

_____
Troy H. Wilson, Esquire
Attorney for Plaintiff

RENA ABRAN (ESTATE OF GENE WILSON)   CIVIL ACTION
          , Plaintiff   No. 18-1107

  v.

CITY OF PHILADELPHIA, et al.;

      Defendants

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS

QUESTION:

Must this court grant the Plaintiff's request for sanctions for repeated discovery violations from

the Defendant City of Philadelphia when they have willfully withheld relevant and discoverable

documents and information since the inception of this civil rights case and where they have

refused to make one of their employees available for deposition in a timely fashion and where the

Defendant has readily admitted, in writing, that they are in possession of said additional

discovery yet have refused to provide the same despite their own promises to do so thereby

prejudicing the Plaintiff?

Answered in the Affirmative.

FACTS:

Plaintiff filed a 1983 Civil Rights action against the above-captioned defendants. As a result of

the same approximately one year ago the defendants provided the Plaintiff with discovery

including but not limited to, its complete "Monell" discovery.

This City defendant discovery was delivered to Plaintiff only after the Plaintiff was compelled to

file a Motion to Compel discovery where this court additionally stated that it would entertain

Plaintiff's motion for sanctions if it chose to pursue the same. (Exhibit "A"). Since that time the

Plaintiff did attempt to depose City employee Defendant Warden Lawton in reference to this

above-captioned 1983 civil matter. At all times relevant hereto the Defendant City has delayed the taking of Warden Lawton's deposition all to Plaintiff's continuing detriment. At one point Defendant City stated that it could not "locate" said defendant Lawton further delaying discovery. These delays by said Defendant City caused the parties to have to seek Lawton's deposition well after the expiration of Judge Goldberg's applicable discovery deadline.

On or about January 14, 2020 the Plaintiff finally obtained the deposition of one of the aforementioned defendant, Warden Lawton. During said deposition defendant Lawton testified that he was in possession of additional discovery including but not limited to tape recorded and/or transcripts of mandatory meetings he presided over as Warden if the House of Corrections wherein other defendants and defendant City defendants actively participated in the same. During this January 14, 2020 deposition Plaintiff's counsel did request the immediate receipt of the aforementioned discovery despite the fact that the same was not provided to Plaintiffs counsel earlier. On or about January 27, 2020 Plaintiff's counsel followed up this request with a formal email confirming her request for this additional discoverable information. On or about February 3, 2020 Plaintiff did send the defendants a formal written Request for Production of Documents related to said January 14, 2020 deposition.(Exhibit "B").

On or about January 24 , 2020 the defendants (hereinafter referred to as "City defendants") did file a Motion for Summary Judgment.

As a result of this filing Plaintiff did file a formal request for an extension of time to properly respond to the City defendants' motion as well as that of the defendants Corizon and nurse Orgasan.

On or about January 30,2020 this honorable court granted Plaintiff's request for an extension of time to file a response to the above-mentioned dispositive motions. The due date for said

responses was now March 2, 2020.

On or about February 24, 2020 the City Defendants by and through their counsel did formally respond to Plaintiff's above-mentioned supplemental Request For Production of Documents. (See Exhibit "C"). In its reply the City defendants, repeatedly, admitted that they do, indeed, possess the relevant and discoverable information related to this civil matter. However the City defendants stated they would supply the same at some unknown time or date in the future. Additionally said City defendants did attach a summary of all Philadelphia Prison deaths which now indicated that from 2011-2016 the City of Philadelphia had at least 18 prison suicide deaths. (Exhibit "D"). This new discovery directly contradicts the Monell discovery documents previously sent to the Plaintiff wherein the City defendants provided statistical information of only 12 prison suicide deaths during the same 2011-2016 time period.

On or about February 28, 2020 counsel for Plaintiff did email the new counsel for the defendant City of Philadelphia wherein counsel inquired, once again, as to when Plaintiff should expect to receive the aforementioned discoverable information. As of the filing of this motion for sanctions the defendant City of Philadelphia still has not provided the Plaintiff with any of the aforementioned discovery despite previously confirming that they did, indeed, possess the same. The defendant City of Philadelphia's behavior in reference to discovery throughout the history of this case has been willful, purposeful, dilatory and evasive. This is especially so since over one year ago this honorable did find that the defendant City of Philadelphia did, previously, violate its outstanding discovery order when the defendant refused to provide the Plaintiff with discovery in a timely fashion thereby forcing Plaintiff to file a motion to compel. The defendant's behavior was so egregious that upon granting the Plaintiff's initial Motion to Compel against the Defendant City of Philadelphia the court suggested to Plaintiff that they would

entertain a motion for sanctions against said defendant for its needlessly dilatory behavior. Based on the above the defendants have, once again, violated the court's discovery order for this case and have also, apparently, knowingly withheld potentially exculpatory and/or otherwise discoverable information related to the above-captioned civil rights case.

As a result of the defendants above-mentioned actions Plaintiff is clearly prejudiced as the City defendants have freely admitted that they have been in possession of additional relevant and discoverable information for years now, yet they have failed to deliver the same to Plaintiff as per Judge Goldberg's Case Management Discovery Order. Given defendant's behavior Plaintiff's entire case is hamstrung as the defendants have finally, after at least two years since the filing of the above-captioned civil matter, admitted that they have possessed this relevant, discoverable and potentially exculpatory discovery since the inception of the above-captioned lawsuit.

LAW:

A court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs. DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 135-36 (2d Cir.1998). See generally Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ("It has long been understood that `[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers `which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'") (quoting United States v. Hudson, 7 Cranch 32, 34, 3 L.Ed. 259 (1812)).

Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction, including the discretion to delay the start of a trial (at the expense of the party that breached its obligation), to declare a mistrial if trial has already commenced, or to proceed with a trial and give an adverse

inference instruction. See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 267 (2d Cir.1999) ("Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses.").

Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

(a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) Specific Motions.

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34.

(C) Related to a Deposition. When taking an oral deposition, the party asking a question may

complete or adjourn the examination before moving for an order.

(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may,

after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

## (b) FAILURE TO COMPLY WITH A COURT ORDER.

(1) Sanctions Sought in the District Where the Deposition Is Taken. If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)-fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

(2) Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

(A) the request was held objectionable under Rule 36(a);

(B) the admission sought was of no substantial importance;

(C) the party failing to admit had a reasonable ground to believe that it might prevail on the

matter; or

(D) there was other good reason for the failure to admit.

And under Rule 37(c)(1), which provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not ... permitted to use as evidence ... any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions [such as]... requiring payment of reasonable expenses, including attorney's fees. Fed.R.Civ.P. 37(c)(1) (2000). Grider v. Keystone Health Plan Central, Inc., 580 F.3d 119 (3rd Cir. 2009)

ARGUMENT:

Defendant City of Philadelphia employee, Lawton was the prison warden in charge of the Philadelphia House of Corrections prior to, during and after the date of Gene Wilson's suicide death. (Lawton deposition, N.T.1/14/20, p.11,12)(See Exhibit "E"). Additionally, this Warden possessed a personal knowledge about the Gene Wilson suicide and according to at least two other defendants (nurse Orgasan and correctional officer Clyde Fearon) did conduct an extensive mandatory "debriefing" meeting with all parties who came into contact with Gene Wilson prior to his suicide death. (Fearon deposition N.T.11/14/18, p.19, 20) (See Exhibit "E"). Furthermore, this defendant readily admitted that he developed his own, proprietary policy concerning sentient major prison events (such as the Wilson suicide) where he gathered information from these incidents and where he also admitted that he never retrained or disciplined anyone for any of the prison suicide deaths which took place under his watch. (N.T1/14/20.p.19, 24,25, 26, 50,51). This defendant also admitted, in his deposition testimony, that he discussed the Gene Wilson

suicide with his deputy wardens at his weekly staff meetings. (N.T. 1/14/20, pp. 50, 51) (See Exhibit "E"). Furthermore defendant Lawton freely admitted during his deposition testimony that prison policy was violated when, upon being transferred to the House of Corrections, Mr. Wilson was not given a second behavioral, medical/mental health evaluative assessment. (N.T. 1/14/20, p.74)(Exhibit "E"). Therefore this defendant freely admitted that these additional and relevant documents have been available to the Plaintiff for years.

Additionally, the Plaintiff requested all of the above information and did, on February 3, 2020 provide the defendant City with a detailed and formal Supplemental Request for Production of Documents. (See Exhibit "C")

Given the above it is clear that the Defendant City of Philadelphia has been, since the inception of the filing of this 1983 case, engaged in obfuscation, delaying and otherwise dilatory tactics as it relates to providing full and complete discovery directly to Plaintiff's counsel. In the instant matter the Defendant, by its most recent response to Plaintiff's Supplemental Request for Production of Documents, has readily admitted that it possessed (and by inference has possessed discoverable documents for years prior to the filing of the within civil rights law suit and after) relevant and potentially exculpatory documents related directly to prison injuries and suicides, including but not limited to, meetings, documents, tape recordings and discovery related directly to the suicide death of Gene Wilson.

The City of Philadelphia has presented neither reason nor rationale for withholding said discoverable information. And the defendant's failure to promptly provide the same to the Plaintiff has significantly prejudiced the Plaintiff. For example, this Plaintiff is currently unable to provide a full and complete response to the Defendants' previously filed motion for summary judgment since, apparently, the defendants knew, upon filing their dispositive motion, that they

had not provided the Plaintiff with the aforementioned discovery documents which Plaintiff was legally required to receive that would directly contradict the City's contention that there has been no Monell violation. Moreover, these documents would also tend to contradict one of the key defendants in this matter, Warden Lawton, when he initially asserted, under oath for that matter, that he had no knowledge of Gene Wilson's death. This is problematic for the City since this very same warden later admitted to having some knowledge of Gene Wilson and this was corroborated by two defense witnesses as well (Orgasan and Fearon).

Moreover the defendant knew full well that the Plaintiff would be unable to properly respond or otherwise answer the defendant's motion for summary judgment since, at all times relevant hereto, the defendant knew that it alone possessed the aforementioned additional relevant and discoverable information, in its possession, that would allow the Plaintiff to properly address and more fully respond to the defendant's allegation that no sufficient Monell claim existed in reference to this particular matter. This means that the defendant knew full well that the Plaintiff was and is effectively "hamstrung" in providing a proper response to said Monell claim. Thus, given the above the Plaintiff is severely prejudiced.

The clear prejudice, as stated above makes it clear that this honorable court must sanction the defendant City of Philadelphia for its dilatory behavior in failing to provide the Plaintiff with discoverable information and documents that were always within the City's possession.

CONCLUSION:

For the foregoing reasons the Plaintiff respectfully requests that this honorable court grant her request for sanctions against the defendant and further order that the defendant transmit to Plaintiff, in five (5) days any and all additional discovery listed in Defendant's Response to Plaintiff's Supplemental Request for Production of Documents. Additionally, the Plaintiff

respectfully requests that the court order the Defendant to pay Plaintiff the sum total of $5,000.00

as a further sanction and Defendant is also, herewith, precluded from raising a defense to the

above-captioned civil rights matter if this matter proceeds to trial.

Respectfully submitted:

Troy H. Wilson, Esquire
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

On this 25th day of March, 2020 the Plaintiff, by and through her undersigned attorney

does certify that a true and correct copy of the within Motion for Sanctions has been sent to the

below listed parties by way of Federal Court E-fililng.

Shannon Zabel, Esquire
City of Philadelphia Law Department
Civil Rights Division
1515 Arch Street
Philadelphia, PA 19102

    And

Thomas Gregory
O'Connor Kimball, LLP
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

Troy H. Wilson, Esquire
Attorney for Plaintiff
Rena Abran

DATE: March 25, 2020