**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RENA ABRAN,** | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **No. 18-cv-1107** |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW,** this 2nd day of April, 2020, following a telephone conference on Plaintiff's "Motion for Sanctions Against Defendant City of Philadelphia" (ECF No. 118), I find as follows:

1. Plaintiff continues to seek all records of recordings, statements, and/or reports created by House of Corrections ("HOC") Warden Lawton relating to inmate suicides that occurred between 2011 and 2016.

2. During the April 1, 2020 teleconference, Counsel for Defendant City of Philadelphia verified that no transcripts or records created by or at the direction of Warden Lawton exist regarding decedent Gene Wilson's death.

3. Counsel for the City confirmed that, in the relevant time frame of 2011–2016, there were a total of two prior inmate suicides at the HOC.

4. Counsel for the City also verified that all recordings and/or written records that are still available and that were created by Warden Lawton and/or others, regarding the two other inmate suicides that occurred at the HOC between 2011 and 2016, have already been produced to Plaintiff, with one exception. Because of privacy concerns, the City has not produced the mental health records for one of the prior HOC inmates that had committed

1

suicide during that time. For the second prior inmate suicide at the HOC, the City verified that the inmate's mental health records are no longer available.[1]

**WHEREFORE**, it is hereby **ORDERED** that:

a) Plaintiff's Motion for Sanctions and for Discovery (ECF No. 118) is **DENIED** as moot.

b) If Plaintiff believes that a good faith basis exists to require the City of Philadelphia to produce the existing mental health records for the one prior HOC inmate whose mental health records are still available, **within fourteen (14) days of the date of this Order**, Plaintiff shall file a letter request outlining the basis for production.

c) Plaintiff may file a supplemental response in opposition to Defendant City of Philadelphia's Motion for Summary Judgment. If Plaintiff does not file the request for additional discovery as outlined above in ¶ (b), Plaintiff's supplemental response in opposition to summary judgment shall be filed **within thirty (30) days of the date of this Order**.

d) **Within fourteen (14) days** of the date of Plaintiff's supplemental response, Defendant City of Philadelphia may file a reply in support of summary judgment.

e) If Plaintiff does file a request for discovery as outlined above in ¶ (b), the Court will adjust these deadlines.


**BY THE COURT:**


*/s/ Mitchell S. Goldberg*
_____
**MITCHELL S. GOLDBERG, J.**

---

[1] The City indicated that the HOC maintains mental health records for a period of seven years after an inmate's suicide. Because the second inmate committed suicide in 2011, and beyond seven years ago, the City clarified that the inmate's mental health records are no longer available.